# Exhibit A

# WALL & LONDON LLC

*We're in your corner when you need us most*

ZACHARY R. WALL°
RACHEL S. LONDON°♦

° Admitted in NJ & PA
♦ Admitted in DE

34 Tanner Street, Suite 4
Haddonfield, NJ 08033

P: (856) 428-1480
F: (856) 428-1436

July 25, 2018

**Via Process Service**
Charter Home Alliance Limited Liability Company
c/o VCORP Services, LLC
820 Bear Tavern Road
West Trenton, NJ 08628

Re: <u>Robert Culpepper v. Charter Home Alliance Limited Liability Co. et al.</u>
    **Docket Number: BUR-L-1557-19**

Dear Sir or Madam:

Please be advised that this firm represents the Plaintiff in the above-referenced matter. Enclosed please find copies of Plaintiff's Summons, Track Assignment Notice, filed Complaint and Case Information Sheet.

Very truly yours,

Rachel S. London
**Wall & London LLC**
rlondon@wallandlondon.com

RSL/sm
Encs.

Rachel S. London, Esquire
Atty No.: 907452012
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
P: (856) 428-1480 F: (856) 428-1436
E-mail: rlondon@wallandlondon.com
*Attorneys for Plaintiff*

| | |
|---|---|
| ROBERT CULPEPPER, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| v. | CIVIL ACTION |
| CHARTER HOME ALLIANCE LIMITED LIABILITY COMPANY; and JOHN DOES 1-10: fictitious persons or entities; jointly, severally and alternatively, | DOCKET NO.: BUR-L-01557-19<br><br>SUMMONS |
| Defendants. | |

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

1

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

Dated: July 25, 2019

/s/ Michelle M. Smith
Michelle M. Smith
Acting Clerk, Superior Court

Name of defendant to be served:

Charter Home Alliance Limited Liability Company

Address for service:

Charter Home Alliance Limited Liability Company
c/o VCORP Services, LLC
820 Bear Tavern Road
West Trenton, NJ 08628

2

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                            TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                            DATE:    JULY 24, 2019
                            RE:      CULPEPPER ROBERT   VS CHARTER HOME ALLIANC E LIMIT
                            DOCKET:  BUR L -001557 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JANET Z. SMITH

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:   (609) 288-9500.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH   R.4:5A-2.
                            ATTENTION:
                                      ATT: RACHEL S. LONDON
                                      WALL & LONDON LLC
                                      34 TANNER ST STE 4
                                      HADDONFIELD      NJ 08033


ECOURTS
```

Rachel S. London, Esquire
Atty. No. 907452012
WALL & LONDON LLC
34 Tanner Street, Suite 4
Haddonfield, New Jersey 08033
P: (856) 428-1480 F: (856) 428-1436
E-mail: rlondon@wallandlondon.com
*Attorneys for the Plaintiff*

| | |
|---|---|
| ROBERT CULPEPPER, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Plaintiff, | |
| v. | CIVIL ACTION |
| CHARTER HOME ALLIANCE LIMITED LIABILITY COMPANY; and JOHN DOES 1-10 (fictitious names of entities and/or individuals whose identities are presently unknown), individually, jointly, severally and/or in the alternative, | DOCKET NO.: |
| | COMPLAINT AND JURY DEMAND |
| Defendants. | |

The Plaintiff, ROBERT CULPEPPER, by way of complaint against the Defendant, CHARTER HOME ALLIANCE LIMITED LIABILITY COMPANY; and JOHN DOES 1-10; states as follows:

## NATURE OF ACTION

1. This is an action by the Plaintiff as a former employee of the Defendant for recovery of damages in the amount of lost wages, benefits, and other remuneration, including attorney's fees and costs, by reasons of the Defendant's violation of the Plaintiff's rights under statutory law pursuant to the New Jersey State Wage & Hour Law, N.J.S.A. 34:11-56a, *et*

*seq.*, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("FLSA"), and the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* ("CEPA").

2. Venue is properly laid in accordance with R.4:3 2(a) and (b) as Defendant routinely conducts business and Plaintiff's causes of action arose in Burlington County, New Jersey.

## THE PARTIES

3. Upon information and belief, Defendant CHARTER HOME ALLIANCE LIMITED LIABILITY COMPANY (hereafter "CHA" and/or "Defendant"), is a foreign limited liability company with a principal place of business at 4675 E. Cotton Center Boulevard, Suite 171, Phoenix, Arizona 85040.

4. Upon information and belief, at all times relevant to this action, CHA, a home remodeling business, employed the Plaintiff to perform Defendant's work in New Jersey.

5. Upon information and belief, Defendant CHA is responsible and vicariously liable for the actions of any and all personnel, payroll, and/or human resources entities which participated in the adverse employment actions alleged herein (pled as "John Does 1-10").

6. Plaintiff Robert Culpepper ("Mr. Culpepper" and/or "Plaintiff"), was employed by Defendant as a Field Manager from in or around October 2017 until he was terminated in May 1, 2019.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. During his employment, Plaintiff regularly worked more than 40 hours per week.

8. For example, Plaintiff routinely worked 60 hours per week, performing work for Defendant in New Jersey, Pennsylvania, and Maryland.

9. At all times relevant hereto, Plaintiff was a non-exempt employee under the terms of

applicable laws and regulations.

10. Defendant determined Plaintiff's rate and method of wage compensation during his employment.

11. Defendant willingly, deliberately and intentionally refused to pay Plaintiff for time actually worked, and for time-and-a-half pay for overtime worked.

12. Defendants knew that Plaintiff was entitled to compensation for time actually worked and for time-and-a-half overtime pay.

13. As proof of the willfulness of the violations, upon information and belief, Defendants had previously received publications and advice to pay employees the wages actually earned and to pay time-and-a-half overtime pay but failed to do so.

14. Defendants willfully, deliberately and intentionally failed to pay Plaintiff for time actually worked and for time-and-a-half overtime hours worked over 40 hours per week.

15. Plaintiff complained to Defendant about the failure to pay overtime but Defendant did not remedy the violation.

16. After Plaintiff complained about the failure to pay overtime, Defendant terminated Plaintiff and replaced him.

## COUNT ONE –
## VIOLATION OF THE CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA"), N.J.S.A. 34:19-1 *et seq.*: WRONGFUL TERMINATION

17. The Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in the previous paragraphs as if fully set forth herein.

18. Plaintiff's disclosures, complaints and/or objections to Defendant about its unlawful practices is protected under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. §34:19-1, *et seq.*

18. Plaintiff reasonably believed Defendant's conduct was in violation of laws, rules and/or regulations, and/or incompatible with a clear mandate of public policy.

19. Defendant's conduct violated the regulations of the New Jersey State Wage & Hour Law, N.J.S.A. 34:11-56a, *et seq.* and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.* ("FLSA") and constituted an activity incompatible with clear mandates of public policy.

20. Defendant violated CEPA subsection N.J.S.A. 34:19-3(a), in that it took retaliatory actions against the Plaintiff for disclosing to her supervisors that Defendants' failure to pay him overtime violated the law, or a rule or regulation promulgated pursuant to law.

21. Defendant violated CEPA subsection N.J.S.A. 34:19-3(c), in that it took retaliatory actions against the Plaintiff for objecting to and refusing to participate in actions that were in violation of New Jersey law.

22. As a direct and proximate result of Plaintiff's complaints, objections, and refusals to participate, the Defendant retaliated against Plaintiff.

23. Upon information and belief, there may be other John Does to be identified through discovery who participated in the retaliation or made decisions to retaliation against the Plaintiff. These John Does may be later added as named parties.

24. The alleged allegations were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against Defendant.

25. Defendant's acts were performed with malice and a reckless indifference to Plaintiff's protected rights.

26. The willful indifference and actual participation by management creates liability against the corporate defendant.

27. As a result of Defendant's intentional and outrageous actions toward Plaintiff, Plaintiff has suffered, and continues to suffer embarrassment, humiliation, as well as monetary, emotional, reputational, and other injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for harm suffered in violation of CEPA as follows: Reinstatement of employment and all benefits; back pay and benefits; front pay and benefits; compensatory damages; consequential damages; reinstatement; punitive damages; prejudgment interest and enhancements to off-set negative tax consequences; any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law); such other relief as may be available pursuant to CEPA and which the Court deems just and equitable; ordering Defendant to take appropriate corrective action to stop and prevent retaliation at the workplace; ordering Defendant to take appropriate corrective action to stop and prevent harassment at the workplace; ordering Defendant to undergo anti-discrimination training; ordering Defendant to undergo anti-retaliation training; ordering Defendant to undergo anti-harassment training; ordering Defendant to undergo workplace civility training; ordering Defendant to undergo bystander intervention training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-discrimination training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-retaliation training; ordering Defendant to engage a research organization to assess the effectiveness of their anti-harassment training; ordering Defendant to engage a research organization to assess the effectiveness of their workplace civility training; ordering Defendant to engage a research organization to assess the effectiveness of their bystander intervention training;

ordering Defendant to identify an appropriate professional to investigate any future complaints of discrimination; ordering Defendant to identify an appropriate professional to investigate any future complaints of harassment; ordering Defendant to identify an appropriate professional to investigate any future complaints of retaliation; and such other relief as may be available and which the Court deems just and equitable.

## COUNT TWO -
## VIOLATION OF THE NEW JERSEY WAGE & HOUR LAW
## N.J.S.A. 34:11-56a, *et seq.*: FAILURE TO PAY OVERTIME

17. The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

18. New Jersey's Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, requires an employer to pay its employees at the rate of at least 1 ½ their regular rate multiplied by hours worked in one week over 40 hours. This rate is commonly known as "time-and-a-half pay" for overtime work.

19. Plaintiff, Robert Culpepper earned, but did not receive, compensation for time worked, together with "time-and-a-half pay", over 40 hours per week.

20. Plaintiff was at all times relevant hereto an "employee" as that term is defined by N.J.S.A. 34:11-56a, *et seq.*

21. Defendant was at all times relevant hereto an "employer" as that term is defined by N.J.S.A. 34:11-56a, *et seq.*

22. During his employment, Plaintiff worked hours beyond 40 hours per week for which he was entitled to receive "time-and-a-half pay". He was not so paid.

23. Defendant has willingly, deliberately and intentionally refused to pay Plaintiff for time

actually worked, and for "time-and-a-half pay" for overtime worked.

24. Defendant knew or should have known that Plaintiff was entitled to compensation for time actually worked and for "time-and-a-half pay", during all relevant times.

25. As proof of this fact, upon information and belief, Defendant has previously received publications and advice to pay employees the wages actually earned, and to pay "time-and-a-half pay" for overtime, but failed to do so.

26. Plaintiff complained to Defendant about the failure to pay overtime but Defendant did not remedy the violation.

27. Defendant's failure to properly administer a scheme of compensation, including but not limited to actual time and overtime compensation, violates the overtime provisions of the New Jersey Wage & Hour Law and the regulations thereunder.

28. As a result of Defendant's willful and knowing failure to properly compensate the Plaintiff, he has suffered substantial delays in receipt of wages owed and suffered damages in the form of humiliation, emotional, reputational, and other monetary injuries.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and an equal amount of liquidated damages as provided under the law and in N.J.S.A. 34:11-56a, *et seq.*; and for an award of reasonable attorneys' fees, costs, and expenses and such additional relief as the interests of justice may require.

## COUNT THREE - VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. 201, *et seq.*: FAILURE TO PAY OVERTIME

29. The Plaintiff repeats, reiterates and incorporates by reference all of the allegations and counts made in the previous Counts and paragraphs of this Complaint as if set forth herein at length.

30. Section 207(a) 1 of the FLSA requires an employer to pay its employees at the rate of at least 1 ½ their regular rate multiplied by hours worked in one week over 40 hours. This rate is commonly known as "time-and-a-half pay" for overtime work.

31. At all relevant times, Plaintiff, as an employee, and Defendant, as his employer, were subject to the provisions of the FLSA.

32. At all times relevant hereto, Defendant qualified as an "employer" under 29 U.S.C. §203(d).

33. During the period of time that Defendant employed Plaintiff, they were required to compensate him for all hours worked and to compensate him at a rate of "time-and-a-half" for all hours worked beyond 40 hours in one work week.

34. Defendant willfully, deliberately and intentionally failed to pay Plaintiff the overtime rate of "time-and-a-half" for time worked over 40 hours in a week during the period of his employment.

35. As a result of Defendant's failure to properly compensate Plaintiff in compliance with the requirements of the FLSA, Plaintiff has suffered damages.

36. Defendant's acts were performed with malice and a reckless indifference to Mr. Culpepper's protected rights.

37. The willful indifference and actual participation by CHA's management creates liability against the corporate Defendant.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b); and for an award of reasonable attorneys' fees, costs, and expenses and such additional relief as the interests of justice may require.

## COUNT FOUR – JOHN DOES

38. The Plaintiff repeats, realleges, and incorporate by reference each and every allegation contained in the previous paragraphs and Counts as if fully set forth herein.

39. Although the Plaintiff believes that the acts complained of were performed or caused by the named Defendant, the Plaintiff cannot be certain that the named Defendant is the only person(s) or entity(ies) liable for the acts complained of as set forth herein. Therefore, the Plaintiff has named John Does 1 - 10, fictitious persons or legal entities as Defendant(s) to this action.

40. As such, the terms "Defendant" or "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John Doe(s)".

**WHEREFORE**, the Plaintiff demands judgment against the Defendants and John Does 1-10, jointly, severally, and alternatively, for such sums as would reasonably and properly compensate the Plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

DATED: July 24, 2019                    By:    /s/ Rachel S. London
                                               Rachel S. London, Esquire
                                               WALL & LONDON LLC
                                               *Attorneys for the Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury as to all of the triable issues of this complaint, pursuant to R. 1:8-2(b) and R. 4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Rachel S. London, Esquire, is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendant(s) should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter. Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A. The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include but are not limited to: storing (saving) newly created files to existing drives; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, or drives.

B.  The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes should be pulled from their rotation queues and be replaced with new tapes.

C.  The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments on any electronic media that may have any relation to this matter.

D.  The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

DATED: July 24, 2019                    By:   /s/ Rachel S. London
                                               Rachel S. London, Esquire
                                               **WALL & LONDON LLC**
                                               *Attorneys for the Plaintiff*

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001557-19

Case Caption: CULPEPPER ROBERT VS CHARTER HOME ALLIANCE LIMIT
Case Initiation Date: 07/24/2019
Attorney Name: RACHEL S LONDON
Firm Name: WALL & LONDON LLC
Address: 34 TANNER ST STE 4
HADDONFIELD NJ 08033
Phone:
Name of Party: PLAINTIFF : CULPEPPER, ROBERT
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
   If yes, for what language:

Please check off each applicable category: Putative Class Action? NO     Title 59? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/24/2019
Dated

/s/ RACHEL S LONDON
Signed